Dear Marshal Guillory:
Referencing your opinion request of recent date, note that there are several provisions of the Louisiana Constitution and statutes dealing with the qualifications and duties of marshals and sheriffs. These constitutional and statutory articles govern our response.
Your question specifically addresses the requirements and qualifications of a deputy marshal. We first direct your attention to the statute which defines the powers and duties of a deputy marshal. LSA-R.S. 13:1881(B) provides, in relevant part:
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. . . .
The power and authority of the deputy is synonymous with that power and authority vested in the marshal. LSA-R.S. 13:1881 (A) in section details the power of the marshal:
 The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of the sheriff.
The power and authority of the sheriff emanate from constitutional authority. Specifically, LSA-Const. Art. 5, § 27 (1974):
 Section 27. In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process. He shall be the collector of the state and parish ad valorem taxes and such other taxes and license fees as provided by law.
This constitutional provision is statutorily enacted in LSA-R.S.33:1435:
 A. Except in the parish of Orleans, the sheriff shall be ex officio collector of state and parish taxes.
 Each sheriff or deputy shall attend every court that is held in his parish, and shall execute all writs, order, and process of the court or judge thereof directed to him.
 Each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders.
Thus, the marshal has the same "power and authority of the sheriff" and deputy marshals have the "same power and authority as the marshal."
We now direct our attention to the requirements and qualifications for a deputy marshal entrusted with this power and authority. There is no statutory provision directly addressing this question, but insight is gained from reviewing the qualifications of a marshal, LSA-R.S. 13:1880(A), providing:
 A. The marshal shall be the resident elector of the territorial jurisdiction of the court and shall possess a high school diploma or its equivalent as determined by the Board of Elementary and Secondary Education; however, the requirement of a high school diploma or its equivalent does not apply to a marshal in office as a marshal on August, 15, 1997, for the purposes of his qualification to remain in office or seek reelection to a consecutive term. Before entering upon the discharge of his duties, the marshal shall give bond in favor of the city judge conditioned for the faithful performance of his duties and for the legal adjustment of all claims incurred against him in his official capacity.
We conclude that a deputy marshal empowered to act as the marshal must meet the qualifications statutorily imposed upon the marshal.
The marshal who acts with the same power and authority as the sheriff will have deputies who by virtue of their deputy marshal commission have the power then to act with the same power and authority as the sheriff.
The training of a deputy city marshal who is full-time is addressed in that portion of Louisiana law which is entitled the Peace Officers Standards and Train Law, LSA-R.S. 40:2401-2406. Within these statutes the legislature has provided for the training of peace officers and further established the council which entity administers the training. Such training is mandatory for peace officers employed after January 1, 1986.
A full-time deputy marshal meets the definition of a "peace officer" as defined in LSA-R.S. 40:2402(1)(a) which provides:
 (1)(a) "Peace officer" means any fill-time employee of the state, a municipality, or other public agency whose permanent duties actually include the making of arrests, the performing of searches and seizures, or in the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
As a peace officer the deputy marshal must be trained as provided in LSA-R.S. 40:2405(A):
 A. Notwithstanding any other provision of law to the contrary, any person who begins employment as a police officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved examination within one calendar year from the date of initial employment. Failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer.
The "council" referenced above is the Council of Peace Officer Standards and Training. The council develops the minimum curriculum requirements for the training of peace officers.
Deputy marshals employed after January 1, 1986 who are full-time must meet the standards employed by the council within one year from the date of employment.
In conclusion, deputy marshals must meet the qualifications statutorily imposed upon the marshal. In addition, the deputy marshal who is a peace officer must complete the training as required by the Council on Peace Officer Standards and Training.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 17, 1998
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL